# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:13-cr-00019-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMES THOMAS LIFSEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [Doc. 52]; the Government's Response to Defendant's Motion for Compassionate Release [Doc. 55]; and the Government's Motion to Seal Document Containing Medical Records [Doc. 57].

**I.   BACKGROUND**

In January 2015, the Defendant James Thomas Lifsey was convicted of multiple counts of production and possession of child pornography and was sentenced to a term of 192 months in prison. [Doc. 43]. The Defendant

is currently housed at FCI Texarkana, and his projected release date is July 25, 2026.[1]

The Defendant now moves the Court for a compassionate release, citing the ongoing COVID-19 pandemic. [Doc. 52]. The Court directed the Government to respond to the Defendant's motion. [Text-Only Order dated Feb. 2, 2021]. After receiving an extension of time to do so, the Government filed its Response on March 22, 2021. [Doc. 55]. Despite being given an opportunity to do so [Text-Only Order dated Mar. 22, 2021], the Defendant did not file a reply.

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] See https://www.bop.gov/inmateloc/ (last visited Apr. 26, 2021).

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. [Doc. 55 at 3-4]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ

3

disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this

4

Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant asserts that his BOP facility has become a "COVID hotspot" and that his age (65) and history of hypertension make him particularly susceptible to the illness. [Doc. 52 at 5]. However, a review of the Defendant's BOP medical records indicates that the Defendant's hypertension is being treated and is "well controlled on current medication." [Doc. 52 at 5, 7]. These records further indicate that the Defendant actually contracted the coronavirus in November 2020, was asymptomatic, and recovered without any noted long-term effects. [Id. at 22-25, 32, 42].

While the Defendant contends that his BOP facility is a "hotspot," the BOP's website indicates that currently FCI Texarkana has only one positive case among its inmate population and one positive case among its staff.[2] The Court further notes that, since the outbreak of the pandemic, the BOP has taken significant measures to protect the health of its inmates. See

---

[2] See https://www.bop.gov/coronavirus/ (last visited Apr. 26, 2021).

5

Case 2:13-cr-00019-MR-WCM   Document 58   Filed 04/26/21   Page 5 of 9

United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus.[3] Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as

---

[3] Indeed, as the Government points out, the Defendant already has received at least one dose of the COVID-19 vaccine. [Doc. 55 at 8].

6

"applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious. The Defendant made contact with a child victim and used the child to produce sexually explicit imagery for distribution to others and for his own deviant gratification. The Defendant distributed images of child pornography to individuals in the Netherlands and Russia, as well as to an undercover investigator in New Zealand. The Defendant also amassed a significant collection of images, totaling 8,996 images of child pornography, including depictions of prepubescent children and sadistic and masochistic abuse. [Doc. 34: PSR at ¶¶ 8-39]. Based on its analysis of the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes, the Court concluded that a sentence of 192 months was appropriate. The Defendant offers no reason why any of these sentencing factors should be considered differently today.

In sum, the Court finds that there are no "extraordinary and compelling" reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

**B.     Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 56] filed in support of its Response to the Defendant's Motion for Sentence Reduction. [Doc. 57].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on March 22, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain

sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [Doc. 52] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal [Doc. 57] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 56] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge