IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 2:13CR19-001

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES THOMAS LIFSEY, <br><br> Defendant. | ORDER |

This matter is before the Court on the Government's Motion to Authorize Payment from Inmate Trust Account [Doc. 60], filed July 21, 2021. Defendant has not responded to the Motion.

I. Background

Defendant pled guilty to three counts of child exploitation and child pornography in violation of 18 U.S.C. §§ 2251(a), § 2252(a)(1), and §2252A(a)(5)(B). On January 22, 2015, the District Court sentenced Defendant to a total of 192 months' imprisonment on each of Counts One and Two and 96 months' imprisonment on Count Three. All three terms of imprisonment were to run concurrently. The District Court also sentenced Defendant to a term of supervised release of life for each of the three counts, a special assessment of $300.00, and payment of restitution in the amount of $46,057.00. Defendant

1

has paid the special assessment and $26,444.54 in restitution, leaving a remaining balance of restitution of $19,612.46.

Defendant is currently assigned to the Federal Correctional Institution in Texarkana, Texas and is scheduled to be released from custody in July, 2026.

The Government advises that it recently learned Defendant has a balance of $736.74 in his inmate trust account maintained by the Bureau of Prisons. The Government seeks an order of this Court authorizing the Bureau of Prisons to turn over $636.74 of these funds for payment towards Defendant's remaining balance of restitution of $19,612.46.

## II. Discussion

The Government has the authority to enforce orders of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f). An order of restitution "may be enforced against all property or rights to property" of the Defendant, *id.*, and may be enforced "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii). Further, "an order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a tax liability . . . ." 18 U.S.C. § 3613(c).

Also, Defendant is under a continuing obligation to pay his order of restitution. If a defendant gains "substantial resources from any source" while

2

incarcerated, he "shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). According to the schedule of payment in Defendant's restitution order, Defendant's payment of restitution was to begin immediately.

Upon review of the Government's motion, the undersigned finds that an order authorizing the release of the subject funds in Defendant's prison inmate account is appropriate. The funds are in the Government's possession, and the Government has a valid lien against the property. Further, Defendant is under an obligation to utilize these funds for the payment of restitution still owed. Finally, the property at issue is cash and does not qualify as property that Defendant could claim is exempt. 18 U.S.C. § 3613(a)(1) (describing the applicable IRS property exemptions for criminal cases).

**IT IS THEREFORE ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account is **GRANTED**, and the Bureau of Prisons is hereby directed to remit to the Clerk of Court $636.74 held in Defendant's inmate trust account as payment toward the remaining restitution debt in this case.

Signed: August 25, 2021

W. Carleton Metcalf
United States Magistrate Judge

3

Case 2:13-cr-00019-MR-WCM   Document 62   Filed 08/25/21   Page 3 of 3