THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:13-cr-00019-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES THOMAS LIFSEY, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines" [Doc. 63].

## I. BACKGROUND

In January 2015, the Defendant James Thomas Lifsey was convicted of multiple counts of producing and possessing child pornography and was sentenced to a term of 192 months in prison. [Doc. 43]. The Defendant is currently housed at FCI Texarkana, and his projected release date is July 25, 2026.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Mar. 25, 2024).

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 for a reduction of his sentence. [Doc. 63].

## II. STANDARD OF REVIEW

Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). In such a case, the Court may reduce the sentence if such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

In considering a motion under § 3582(c)(2), the Court undertakes a two-step analysis. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," including calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, the Court must "consider any applicable § 3553(a) factors and

2

determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. The Court also may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). Ultimately, the decision to grant or deny a § 3582(c)(2) motion is within the Court's discretion. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013).

### III. DISCUSSION

Part B of Amendment 821, which became effective on November 1, 2023, amended U.S.S.G. § 4C1.1 to provide for a decrease of two levels from the offense level determined under Chapters Two and Three for those defendants who did not receive any criminal history points and whose offense of conviction did not include any aggravating factors. U.S.S.G. § 4C1.1 (2023). One of the aggravating factors identified in the revised guideline is that the offense of conviction is a "sex offense." Id. § 4C1.1(a)(5). Here, the Defendant's offenses of conviction are clearly "sex offenses" as they related to the possession, transportation, and production of child pornography. As such, the Defendant does not meet the criteria for relief under Amendment 821. Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines" [Doc. 63] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 1, 2024

Martin Reidinger
Chief United States District Judge